UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDITH CATHERINE CASH

      Plaintiff,                    CASE NUMBER:    8:08-cv-00743-T-27MAP

v.

JAMES B. PEAKE as SECRETARY,
DEPARTMENT OF VETERANS AFFAIRS

      Defendant.
_____/

AMENDED COMPLAINT
(JURY TRIAL DEMANDED)

COMMON ALLEGATIONS

Plaintiff, Edith Catherine Cash ("Cash") sues James B. Peake as Secretary, Department of Veterans Affairs and says:

1. This is an action to redress unlawful employment practices in federal employment. It arises out of Cash's employment at the James A. Haley Veterans Affairs Hospital ("Haley") in Tampa, Florida.

2. Cash is a Registered Nurse, licensed to practice nursing in Florida. She holds a Master's Degree in Nursing. She was employed at Haley in 2001 as a Nurse Manager, Nurse III. Cash was responsible for the Spinal Cord Injury Unit which cares for veterans who require ventilators in order to breath.

3. At all times that are material, Cash's supervisor was Lauren Doloresco ("Doloresco") who is Associate Chief of Nursing for Spinal Cord Rehabilitation and Mental Health at Hanley. Doloresco reported to Sandra Janzen ("Janzen"), Associate Director for Patient Care Services and Nursing Supervisor.

4. Among the nurses that were employed at Haley was Ilene Page, R.N. Ms. Page worked under Ms. Cash's supervision.

5. Page applied for two promotional opportunities. In each case she was not selected and Doloresco selected another candidate.

6. Page filed a V.A. equal employment opportunity complaint about each of the two decisions to select another employee over her. She alleged that Doloresco discriminated against her because of her age or her sex. In the second complaint she also complained that the negative decision about her was motivated by the fact that she had filed the first equal employment opportunity complaint which challenged the lawfulness of Doloresco's decision as to the first promotional opportunity.

7. Doloresco asked Cash to support Doloresco's position that Page should not receive these promotions. Because Doloresco's decisions were wrong, Cash refused to do so and participated in each of Page's equal employment opportunity complaints.

8. Cash filed her own equal employment opportunity complaints of violations of Title VII of the Civil Rights Act of 1964, as amended.

9. Doloresco retaliated against Cash because Cash participated in Page's equal employment opportunity complaints and/or filed her own equal employment opportunity complaints. Specifically, but not by way of limitation, Doloresco and, from time to time, aided by Janzen, wrongfully disciplined Cash, sought out staff nurses and others in Haley's employment to complain about Cash, undermined her managerial effectiveness in the patient care unit for which she was responsible thereby compromising patient care, made false statements about Cash in public, including false statements that she was a poor manager, had acted unethically and had not reported a critical shortage of nurses in her unit. Further Doloresco, with the support of Janzen falsified V.A. records about the search and selection

process and lied about input she had received from staff physicians who were alleged to have favored who she selected when they in fact supported Page for promotion.

10. As a result of Doloresco and Janzen's retaliatory actions engaged in because of Cash's participation in Page's equal employment opportunity complaints, Cash was forced to resign effective February 9, 2007.

11. She did so after a period of illness induced by Doloresco and Janzen's unlawful behavior.

12. As a result of the unlawful retaliation of Doloresco and Janzen, as representatives of Haley, Cash has been damaged.

13. Cash's damages include pay and benefit losses.

14. Cash has suffered a loss of enjoyment of life and loss of a sense of well being associated with losing a job she loved and a chance to serve an acutely ill group of veterans.

15. All conditions precedent to the filing of this action have been performed or waived.

16. Cash has engaged the undersigned lawyers and agreed to pay them a fee.

## COUNT I

17. This is an action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). Under this law, discrimination based on gender is prohibited in federal employment. Retaliation because an employee objected to activity that is unlawful under Title VII or participated in an equal employment opportunity complaint about gender discrimination in federal employment such as Haley is prohibited as well.

18. Case realleges and incorporates paragraphs 2-16 of this Complaint.

19. Cash's objection to Doloresco's illegal acts is protected under Title VII.

20. Cash's participation in Page's equal employment opportunity complaint about gender discrimination in her federal employment is protected under Title VII.

21. Cash's filing and prosecution of her own equal employment opportunity complaints is protected under Title VII.

22. Doloresco's and Janzen's retaliatory acts against Cash motivated by her having engaged in protected activity is prohibited by Title VII.

WHEREFORE Cash asks the Court to:

(a)   take jurisdiction over the cause over the parties;

(b)   grant her a jury trial;

(c)   award her lost back and front pay;

(d)   award her compensatory damages;

(e)   award her attorney's fees;

(f)   award her costs of this action;

(g)   grant her such other relief as is just and equitable.

## COUNT II

23. This is an action under the Age Discrimination Employment Act, as amended (the "ADEA"). Under the law, discrimination based on age is prohibited in federal employment. Retaliation because an employee objected to activity that is unlawful under ADEA and/or participated in an equal employment opportunity complaint about age discrimination in federal employment such as Haley is prohibited as well.

24. Cash realleges and incorporates paragraphs 1-13, 15 & 16.

25. Cash's objections to Doloresco's illegal acts are protected under the ADEA.

26. Cash's participation in Page's equal employment opportunity complaint about age discrimination in her federal employment is protected under the ADEA.

27. Cash's filing and prosecution of her own equal employment opportunity complaints is protected under the ADEA.

28. Doloresco and Janzen's retaliatory acts against Cash motivated by her prohibited activity are protected by the ADEA.

WHEREFORE Cash asks the Court to:

(a) take jurisdiction over the cause over the parties;

(b) grant her a jury trial;

(c) award her lost back and front pay;

(d) award her a sum equal to her lost pay as liquidated damages;

(e) award her attorney's fees;

(f) award her costs of this action;

(g) grant her such other relief as is just and equitable.

Respectfully submitted,

/s/ Steven G. Wenzel
**STEVEN G. WENZEL, ESQUIRE**
Florida Bar Number: 159055
Wenzel & Fenton, P.A.
633 North Franklin Street, Suite 500
Tampa, Florida 33602
(813 )224-0431 Telephone
(813) 229-8712 Facsimile

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 13, 2008 that a true and correct copy of the foregoing has been furnished to the following individuals.

/s/ Steven G. Wenzel
**STEVEN G. WENZEL, ESQUIRE**

United States Attorney's Office
Civil Process Clerk
400 North Tampa Street
Suite 3200
Tampa, FL 33602

Robert O'Neill, United States Attorney
400 North Tampa Street
Suite 3200
Tampa, FL 33602

Office of the Attorney General
United States Department of Justice
950 Pennsylvania Avenue
Washington, D.C. 20530-0001

James B. Peake, Secretary
Department of Veterans Affairs
810 Vermont Avenue NW
Washington, D.C. 20420

Stephen M. Lucas, Medical Center Director
James A. Haley Veterans' Hospital
13000 Bruce B. Downs Boulevard
Tampa, FL 33612