UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDITH CATHERINE CASH

      Plaintiff,               **CASE NUMBER:**    **8:08-cv-00743-T-27MAP**

v.

JAMES B. PEAKE as SECRETARY,
DEPARTMENT OF VETERANS AFFAIRS

      Defendant.

_____/

## PLAINTIFF'S EDITH CATHERINE CASH'S RESPONSE TO DEFENDANT'S AMENDED MOTION TO DISMISS THE AMENDED COMPLAINT

The Defendant has filed an amended motion asking the Court to dismiss the Amend Complaint or, alternatively, to grant to the Defendant summary judgment. For the reasons shown below, this motion must be denied.

### PROCEDURAL HISTORY

This is a lawsuit by a former nurse manager of the James A. Haley V.A. Hospital who filed two internal Equal Employment Opportunity ("EEO") complaints that are before the Court. The first which the Defendant numbered 2001-0673-2007100648 concerns a two week suspension. The second, numbered 2001-0673-2007101867 arises, like the first, from Ms. Cash's support of one of her subordinates, Iliene Page.[1] Ms. Page sought new positions within the hospital and there was related EEO activity in which Ms. Cash was involved.

Ms. Cash filed case number 2001-0673-2007100648 after she was suspended from December 10, 2006 until December 23, 2006. In case number 2001-0673-2001101867, Ms.

---

[1] Ms. Page has filed suit as well. Ms. Page's case number is 8:08-cv-00789-17MAP.

Cash cited as the basis "Reprisal for having opposed discrimination resulting in forced resignation" and she attached a list of ten EEO events ranging from a proposed reprimand in January 2006 to the claim of "forced resignation."[2]

## ARGUMENT

Defendant has moved to dismiss or to grant summary judgment on the constructive discharge claim portion of her lawsuit. The basis for the motion is that Ms. Cash's EEO claim was a "mixed case" and that it had to be filed before the Court within thirty days of the V.A.'s Final Agency Decision ("FAD") dated January 17,2008.[3] A "mixed case," as will be discussed below, is a claim of discrimination mixed with a claim that could be filed before the U.S. Merit Systems Protection Board ("MSPB").

**Ms. Cash's claim is not a "mixed case."** When Ms. Cash filed her claim of "forced resignation" with the V.A., it never advised her that she could instead immediately appeal to the U.S. Merit System Protection Board ("MSPB") because she had experienced an employment event over which the MSPB had jurisdiction. The V.A. is required by C.F.R. 1201.21 to notify Ms. Cash of her MSPB appeal rights and to provide a list of information. In other words, the V.A. did not treat Ms. Cash's resignation as an event appealable to the MSPB at the time she tendered the resignation nor did it do so the time it received the informal and then formal EEO complaint related to the resignation.

At a later point in time the V.A. wrote Ms. Cash's lawyer, L. Ervin Schmidt, and gave him the investigation file about her constructive discharge EEO claim.[4] The V.A. wrote that the purpose of the letter was to furnish the file and "to advise you of further complaint processing rights." In that letter the V.A. had yet another opportunity to advise her that her "forced

---

[2] Plaintiff will refer to this as the "constructive discharge claim"
[3] Ms. Cash filed this action within ninety days of her receipt of this FAD, as required by 29 C.F.R. 1614.407(a),
[4] This letter is attached as Exhibit 1 to this Response.

resignation" was appealable to the MSPB on its own merits. It did not do so. Rather, it wrote that she could appeal to the MSPB only if she did not get a FAD within 120 calendar days of the date she filed her formal EEO complaint, suggesting thereby that she never had any right to go to the MSPB absent the passage of additional time and processing of her EEOC claim.

In this same letter the V.A. advises Cash about a lawsuit. The V.A. does not advise her of any time frame within which she must do so. Specifically, the V.A. letter does not advise her, as the V.A. now argues to be the case, that she will have to file a lawsuit within thirty days of her receipt of the FAD.[5]

The V.A. incorrectly processed Ms. Cash's complaint as a "mixed case." At 29 C.F.R. 1614.302(a)(1) the Code of Federal Regulations defines a mixed case complaint as "...a complaint of employment discrimination filed with a Federal agency based on race, color, religion, sex, national origin, age or handicap related to or stemming from an action that can be appealed to the Merit System Protection Board" (emphasis supplied). Thus, Ms. Cash must have had the right to appeal to the MSPB in order for her complaint to have been a "mixed complaint" with the shortened filing deadlines.

The jurisdiction of the MSPB is set forth at 5 C.F.R. 1201.3(a). There are twenty personnel actions that are appealable. The twenty actions do not include forced resignations or constructive discharge.

The V.A. never cites the statutory or regulatory basis for an appeal to the MSPB. The V.A. cites a case, Gingrich v. U.S. Postal Service 67 M.S.P.R. 583(1995), for the proposition that

---

[5] Normally, a former federal employee has ninety days from the receipt of their FAD in which to file a lawsuit in federal court. 29 C.F.R. 1614.407(a) provides in part that "a complainant who has filed an individual complaint...is authorized under Title VII, the ADEA...to file a civil action in an appropriate United States District Court:
* * *
(c) within ninety days of receipt of the final action an individual or class complaint if no appeal [to EEOC] has been filed."

a coerced retirement[6] is an appealable personnel action.   However, whether the MSPB has jurisdiction over a forced retirement (or forced resignation) is a jurisdictional question.  Not all resignations that are alleged to be "forced" are appealable.  For a claim of constructive discharge to be appealable, the MSPB requires that the facts demonstrate that the action was involuntary, meaning that the employee was deprived of freedom of choice.  <u>Heining v. General Service Administration</u>, 68 M.S.P.R. 513,519 (1995), <u>Lewis v. U.S. Postal Service</u>, 82 M.S.P.R. 254 (1999).  The MSPB has assumed jurisdiction over some cases where the former employee asserted a forced resignation or constructive discharge.  <u>See, e.g., Al-Amin S. As'salaam v. U.S. Postal Service</u> 85 M.S.P.R. 76 (2000).  In other cases it does not.

In the case at bar, the V.A. argues that Ms. Cash missed a thirty day filing deadline applicable to "mixed case" claims and that she has a "mixed case" based merely on her claim that she was forced to resign.  The conclusion that Ms. Cash could have appealed to the MSPB must be supported by showing that her action was involuntary.  <u>See, Lewis, supra</u>.

The V.A. advances the argument that Ms. Cash's resignation was involuntary (and thus appealable) to support its motion to dismiss or for summary judgment but that is directly opposite to the position the V.A. advanced in Ms. Cash's FAD.  The V.A. attached the constructive discharge FAD to its motion.  At page 11 of the FAD, the VA began to address Ms. Cash's constructive discharge claim.  On the following page, the VA says:

> Complainant fails to establish that a reasonable person in her position would have found the working conditions intolerable, that the intolerable working conditions were created by conduct violating Title VII, and that Complainant's resignation resulted from intolerable working conditions.  Complainant also fails to provide any evidence that she was given the alternative of resigning or being discharged. In sum, Complainant fails to provide any persuasive evidence establishing that management engaged in conduct forcing her to resign.  In viewing Complainant's contentions and evidence, we find her information to be unpersuasive. Furthermore, the evidence of record supports a finding that management did not

---

[6] Ms. Cash did not retire.

specifically advise Complainant that it had implemented or was seeking to remove her; thus, we find that Complainant's negative work environment, and ultimately, her resignation decision, were solely of her own making. Thus, given the totality of evidence supporting management's reasons for its actions and decisions, and the paucity of Complainant's evidence, we find and it therefore follows that Complainant has failed to prove that a constructive discharge occurred (or that she resigned due to management's retaliation/reprisal).

Thus, the V.A. has taken the position that Ms. Cash's resignation was voluntary. Because it was voluntary, Ms. Cash could not have satisfied the jurisdictional test of the MSPB and the forced resignation would not have been appealable. If it is not appealable, it is not a "mixed case" according to the definition of a "mixed case." The V.A. says that Ms. Cash was not constructively discharged. She accepts that conclusion for the purpose of this Response. Therefore, her case is not "mixed" it should not be labeled as such or have been processed as such and the thirty day deadline does not apply and she is properly heard before the Court.

**The Plaintiff's ADEA claim is properly before the Court.**

Both of Ms. Cash's administrative EEO charges arise out of her opposition to actions by the V.A. as to Iliene Page and her participation in Ms. Page's EEO charges pending before the V.A. which once employed both of them. Ms. Page's charges and lawsuit[7] are based on gender and age so Ms. Cash's opposition and participation claims are necessarily so as well.

In its motion, the V.A. outlines the steps a federal employee must take to make a claim of an unlawful employment action. There is informal consultation with an agency EEO counselor, then a formal complaint which is investigated. In the suspension based formal claim[8] the V.A. describes the issues as:

Whether the complainant was discriminated against in the basis of reprisal (Prior EEO activity) regarding a Suspension when:

---

[7] Footnote 1, supra.
[8] 2001-06732007100648

1. By letter dated November 30, 2006, the complainant was notified that she would be suspended without pay for 14 calendar days, effective December 10-23, 2006 for "failure to follow supervisor's instruction" and "disrespectful conduct."

and then the V.A. swrote:
"We have determined that the claim stated above meets procedural requirements and is therefore **ACCEPTED** for investigation and further processing." [emphasis is the V.A.'s]

In the constructive discharge formal claim, the V.A. described the issue as:

(A) Whether the complainant was discriminated against on the basis of reprisal (Prior EEO activity-3 complaints) regarding a Constructive Discharge when:
   1. As a result of stress brought on by a cumulative number of incidents and disciplinary actions outlined in prior EEO complaints, the complainant felt she was forced to submit her resignation, effective February 9, 2007.

and then the V.A. wrote:
"We have determined that the claim state above meets procedural requirements, and is therefore **ACCEPTED** for investigation and further processing." [emphasis is the V.A.'s]

Lacking in each accepted claim is any reference to whether Ms. Cash was proceeding under Title VII or the ADEA. In accepting Ms. Cash's complaints the V.A. found that she had met all procedural requirements in making each claim. Apparently, there is no procedural requirement that she specify the statute(s) under which she is filing. There is no record evidence[9] of Ms. Cash ever electing to proceed only under Title VII.

The FAD arising from each of Ms. Cash's accepted claims is written by a V.A. employee. Inexplicably, the author of each FAD chose to make his/her analysis based on Title VII after incorrectly stating "The law prohibited discrimination based on reprisal is Title VII of the Civil Rights Act of 1964, as amended... .

---

[9] Nor any evidence of which undersigned counsel has knowledge.

Ms. Cash has no participation in that process.  Indeed, it is from the erroneous FADs that she appeals in the action at bar.  The V.A.'s motion attempts to limit the scope of Ms. Cash's lawsuit on the basis of the authors of the FAD's incorrect statement that reprisal action can only arise under Title VII.  It should be denied because Cash's claim, which does not cite any statute, was accepted for investigation without any limitation as to its statutory basis.  Ms. Cash should not be bound because the agency presumed to limit her claim to one of several statutes which prohibit reprisals against federal employees.

## CONCLUSION

Since the VA denies that she was constructively discharged, the MSPB lacked jurisdiction over an appeal related to her resignation.  It does not meet the regulatory definition of a "mixed case."  Ms. Cash's complaint was incorrectly treated as a "mixed case."  Since it is not a "mixed case," she had the right to file in this Court within ninety days of the issuance of her FAD as to case number 2001-0673-2007101867.  29 C.F.R. 1614.407(a).  She filed timely and the V.A.'s motion should be dismissed.

The V.A. accepted for investigation both of Ms. Cash's claims of reprisal.  She was never required to state that statutory basis for either claim.  The V.A. narrowed its analysis to Title VII but that narrow analysis was legally flawed and Ms. Cash is appropriately bringing claims of reprisal under the ADEA as well as Title VII.  The V.A.'s motion directed to the ADEA claim should be dismissed.

Respectfully submitted,

/s/ Steven G. Wenzel
**STEVEN G. WENZEL, ESQUIRE**
Florida Bar Number: 159055
Wenzel & Fenton, P.A.
633 North Franklin Street, Suite 500

Tampa, Florida 33602
(813 )224-0431 Telephone
(813) 229-8712 Facsimile
swenzel@wenzelfenton.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 3, 2008 I electronically filed the forgoing with the

Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to

Javier M. Guzman, Assistant United States Attorney
400 North Tampa Street
Suite 3200
Tampa, FL 33602
Javier.Guzman2@usdoj.gov

/s/ Steven G. Wenzel

**STEVEN G. WENZEL, ESQUIRE**

DEPARTMENT OF VETERANS AFFAIRS
OFFICE OF RESOLUTION MANAGEMENT
P.O. BOX 5005
Bay Pines, FL 33744

In reply refer to: 08J

VIA: Certified Mail

December 4, 2007

L. Elvin Schmidt
Attorney-at-law
1837 Hendricks Ave.
Jacksonville, FL 32207

**Subj: Notice of Advisement of Rights in Mixed Case Complaint for
Edith Cash, ORM Case No. 200I-0673-2007101867, Filed May 2, 2007**

1. The purpose of this letter is to provide you and your client with copies of the investigative file for her mixed case EEO complaint and to advise you of further complaint processing rights.

2. Your client's complaint is being transmitted to the VA Office of Employment Discrimination Complaint Adjudication (OEDCA), which will issue a Final Agency Decision (FAD) on the complaint within 45-calendar days of the date of this letter. The decision will advise your client of the right of appeal to the Merit Systems Protection Board (MSPB), the right to request a hearing in connection with an appeal to the MSPB, and of the 30-calendar day time limit within which to file such an appeal.

3. If your client has not received a copy of the FAD within 120-calendar days of the date she filed the formal complaint, she has the right to appeal to the MSPB without waiting further. Your client may not, however, file an appeal before the 121st day, unless the FAD is received sooner. Any appeal that your client may file should be addressed to:

**Regional Director
Merit Systems Protection Board
401 W. Peachtree NW, Suite 1050
Atlanta, GA 30308-3519**

4. If your client has not received a copy of the investigative file within 120-calendar days of the date she filed the formal complaint and does not wish to appeal to the MSPB, she also has the right to file a civil action in Federal District Court. If she files a civil action and does not have an attorney or is unable to obtain the services of an attorney, the court, in its discretion and upon your client's request, may appoint an attorney to represent her in this matter. The court may also authorize commencement of the civil action without the payment



EXHIBIT

Page 2.

Notice of Advisement of Rights for Mixed Case

of fees, costs or security. Finally, if your client decides to file a civil action, your client must name the Secretary of Veterans Affairs as the defendant.

5. In addition to the above, your client has the right to elect to participate in the Agency's Alternative Dispute Resolution (ADR) Program which is designed to resolve individual disputes such as EEO complaints.

6. If your client elects to participate in the ADR Program, a written request for ADR must be submitted within **ten (10) calendar days of your receipt of this letter**. The request for ADR must be mailed or sent via facsimile to the ADR Program Office as follows:

**Department of Veterans Affairs**

**ADR Program Office (08)**
**810 Vermont Ave, NW**
**Washington, DC  20420**

**Fax Number: (202) 501-2885**

7. If you have any questions concerning the processing of your client's complaint, please contact Dan Cuff, Intake Specialist at (727) 319-1228.

Sincerely yours,

Winston Johnson
Acting Regional EEO Officer

Enclosure

cc: Facility Director
    Edith Cash

## REQUEST FOR FINAL AGENCY DECISION (FAD)

Regional EEO Officer
Department of Veterans Affairs
Office of Resolution Management (08J)
PO Box 5005
Bay Pines, FL 33744

Dear, Regional EEO Officer

Pursuant to EEO regulations found in 29 CFR 1614.108(f) **I am requesting a Final Agency Decision** by the VA's Office of Employment Discrimination Complaint Adjudication (OEDCA), Washington, D.C. I have received the Advisement of Rights notice from ORM and understand that I have the right to elect a FAD or an EEOC hearing **but not both.**

My Name: _____

Facility Complaint Filed Against: _____

Address of Facility: _____

_____

Agency Case No: _____

Date Filed: _____

Sincerely,


_____            _____
(Signature of Complainant)                                      (Date)


**Please note: This form may be mailed to the Office of Resolution Management at the above addressed or sent via facsimile to (727) 319-1150.**

## FORM TO REQUEST A HEARING

EEOC Hearings Unit
**Miami District/Field Office**
**One Biscayne Tower, Suite 2700**
**2 South Biscayne Blvd**
**Miami, FL 33131**

Dear Sir/Madam:

I am requesting the appointment of an EEOC Administrative Judge pursuant to 29 C.F.R. § 1614.108(g). I hereby certify that either (check applicable box):

        \_\_ More than 180 days have passed from the date I filed my complaint; or
        \_\_ I have received a notice from the agency that I have 30 days to elect a hearing,
          or a Final Agency Decision (FAD)

My name &
Address     _____
              _____

Phone No     _____

Representative (if any)
Address     _____
              _____
              _____

Agency &
Address     _____
              _____
              _____

VA Case No     _____

In accordance with section 1614.108(g), I hereby certify that I have sent a copy of this request for a hearing to the following person at the agency:

    SEO - EEO Officer (08J)
    Office of Resolution Management
    Department of Veterans Affairs
    PO Box 5005
    Bay Pines. FL 33744

_____      _____
(Signature of Complainant/Appellant)      (Date)



**DEPARTMENT OF VETERANS AFFAIRS**
OFFICE OF RESOLUTION MANAGEMENT
Southeastern Operations
Bay Pines, FL 33744

In reply refer to: 08J

VIA: CERTIFIED MAIL

April 5, 2007

L. Ervin Schmidt
Attorney-at-Law
1837 Hendricks Avenue
Jacksonville, FL 32207

**SUBJECT: Notice of Acceptance of EEO Complaint for E. Catherine Cash, Case No. 200I-O673-2007100648, Filed March 22, 2007, against officials of the VA Medical Center, Tampa, FL**

1. On December 5, 2006, your client initiated contact with an EEO Counselor. Counseling concluded on December 29, 2006, when your client was mailed, via FedEx, the Notice of Right to File a Discrimination Complaint, which she received on January 2, 2007. On March 22, 2007, your client filed a formal complaint of discrimination, VA Form 4939.

2. The date the complainant filed her formal complaint (VA Form 4939) appears to have occurred well beyond the 15-calendar day requirement outlined in EEO regulation 29 CFR §1614.106(b). However, a review of the record indicates an attachment to the formal complaint dated March 21, 2007, in which the complainant explained that she "sent the Form 4939...as evidenced by the certified mail receipts as enclosed." A further review of the record reveals that the complainant sent to this office via certified mail a large amount of documentation, postmarked January 10, 2007, and received January 12, 2007. That submission occurred within the 15-calendar day timeframe discussed above, and this office cannot disprove the complainant's assertion that she included her formal complaint of discrimination (VA Form 4939) in that package. Therefore, in this case, the decision has been made to waive the 15-calendar day time limit.

3. Your client's complaint of discrimination raises the following claim:

   **(A) Whether the complainant was discriminated against on the basis of reprisal (Prior EEO activity) regarding a Suspension when:**

      1. **By letter dated November 30, 2006, the complainant was notified that she would be suspended without pay for 14-calendar days, effective December 10-23, 2006, for "failure**

EXHIBIT

2

Page 2.

Notice of Acceptance – E.C. Cash, #200I-0673-2007100648

> to follow supervisor's instruction" and "disrespectful conduct."

We have determined that the claim stated above meets procedural requirements, and is therefore **ACCEPTED** for investigation and further processing.

4. If you and your client believe that the accepted claim is improperly formulated, incomplete, or incorrect, you have the opportunity to notify this office within **7 calendar days** of receipt of this letter, in writing, by mail or fax, to state your disagreement. If you or your client submit a written statement, it will be included as an official record in the complaint file. If you or your client do not contact this office within **7 calendar days**, it will be assumed that the claim is correctly stated.

5. The accepted claim will be assigned to an impartial investigator under the supervision of the Office of Resolution Management (ORM). The investigator will contact you directly in order to obtain information or evidence your client may wish to offer. The investigation must be completed within 180 calendar days of the filing of the complaint. You and your client will be provided a copy of the investigative file upon completion, and will be advised, in writing, of her right to request a Final Agency Decision (FAD) from the Office of Employment Discrimination Complaint Adjudication (OEDCA), or a hearing by an administrative judge appointed by the Equal Employment Opportunity Commission (EEOC).

6. If the investigation has not been completed within 180 calendar days, applicable regulations permit the agency and the complainant to agree in writing to extend the investigative period for not more than 90 calendar days. ORM will make every good faith effort to complete the investigation within the prescribed period. However, where workload demands make it impossible to complete a timely investigation, we will work with you and your client to seek mutual agreement to extend the period so that the investigation can be completed before the complainant seeks an EEOC hearing or a FAD from OEDCA.

7. If you and your client do not receive a copy of the investigative file within 180 calendar days of the date she filed the formal complaint of discrimination, you have the right to request EEOC to appoint an administrative judge to conduct a hearing on the complaint without waiting further. You and your client may not request a hearing before the 181st day, unless you receive the investigative file sooner. To request that EEOC appoint an administrative judge to hear the complaint, you or your client must complete the enclosed "Hearing Request Form" and send it to:

Page 3.

Notice of Acceptance – E.C. Cash, #200I-0673-2007100648

EEOC Hearings Unit
Miami District/ Field Office
One Biscayne Tower, Suite 2700
2 South Biscayne Blvd.
Miami, FL 33131

A **copy** of the request for a hearing to EEOC must be sent to this office at the following address:

Department of Veterans Affairs
Office of Resolution Management (08J)
P.O. Box 5005
Bay Pines, FL 33744

The complainant is required to certify to the EEOC administrative judge that a copy of the request for a hearing was sent to the Office of Resolution Management at the above address.

8.  If the complainant requests a FAD, it will be rendered by VA's Office of Employment Discrimination Complaint Adjudication (OEDCA) in Washington, DC.  The FAD will address all claims, and a finding will be made on the merits of the complaint.  At that time, your client may appeal the FAD to EEOC if she is dissatisfied with the decision.  OEDCA will provide the specific information regarding appeal rights following its final agency decision, including the right to file a civil action in an appropriate United States District Court.  A request for a FAD without a hearing should be addressed to:

Department of Veterans Affairs
Office of Resolution Management (08J)
P.O. Box 5005
Bay Pines, FL 33744
ATTN: Daniel Cuff, EEO Specialist

The request for a FAD will be immediately transmitted to OEDCA, along with a copy of the investigative file, and our request that OEDCA render a final decision on the complaint.

9.  If you and your client have not received a copy of the investigative file within 180 calendar days of the date the complainant filed the formal complaint and you do not wish to have a hearing, the complainant has the right to file a civil action in an appropriate United States District Court.  If the complainant files a civil action, the Court may, at its discretion and upon your client's request, appoint an attorney to represent her in the matter, if she does not have or cannot afford one. The court may also authorize the civil action to begin without payment of fees,

Page 4.

Notice of Acceptance – E.C. Cash, #200I-0673-2007100648

costs, or other security.  Finally, if the complainant decides to file a civil action, she must name R. James Nicholson, Secretary of Veterans Affairs, as the defendant.  Failure to provide the name and official title of the Secretary of the Department may result in the dismissal of your client's case.

10.  You and your client must keep this office advised of any change of address.  Failure to do so could lead to dismissal of the complaint.  The complainant must also immediately advise this office, in writing, of the name, address, and telephone number of any representative she may designate to represent her in this matter.  If she advises us of representation, copies of all subsequent actions on her complaint will be mailed or delivered to her representative with copies to her unless she advises us in writing that she is no longer represented by that individual.

11.  The EEOC encourages the use of Alternative Dispute Resolution (ADR) to resolve EEO complaints at the lowest possible level.  Agencies and complainants can realize many advantages from using ADR.  ADR offers the parties the opportunity for an early, informal resolution of disputes in a mutually satisfactory fashion.  If the complainant is interested in using mediation to address the issues raised in her complaint, please contact the ORM Intake Specialist listed below or the ADR Program Manager at (202) 501-2800.

12.  Our fax number is (727) 319-1150.  If you or your client have any questions, please contact Daniel Cuff, EEO Intake Specialist, at (727) 319-1228.

Linnell Baker
Acting Regional EEO Officer
Southeastern Operations

Enclosure: Hearing Request Form (Miami)

cc:  Facility Director
      Complainant

DEPARTMENT OF VETERANS AFFAIRS
OFFICE OF RESOLUTION MANAGEMENT
Southeastern Operations
Bay Pines, FL 33744

In reply refer to: 08J

VIA: REGULAR MAIL

April 5, 2007

Director (673/00)
James A. Haley VA Medical Center
13000 Bruce B. Downs Blvd.
Tampa, FL 33612

**SUBJECT: Notice of Acceptance of EEO Complaint of E. Catherine Cash, ORM
Case No. 200I-0673-2007100648, Filed on March 22, 2007**

1. This is to inform you that E. Catherine Cash, a former employee in Nursing
Service, filed a complaint of discrimination on March 22, 2007. Enclosed is a copy of
the acceptance letter that was sent to the complainant.

2. All documents and records, including the Official Personnel Folder related to this
complaint, must be maintained at the facility and made available at the time of the
investigation.

3. Advanced preparation for the investigation is to begin as soon as possible. In this
case, the facility has already provided substantial documentation pertaining to the
complainant's claim. The Investigator will review the submitted material and
determine if supplementary documentation is needed. If requested at that time, we
require that the requested information be provided to our office within **10 calendar
days of your receipt of the request**. Because ORM is responsible for redacting all
protected information in an EEO complaint file in accordance with the Privacy Act, all
documents that are provided should be clear and un-redacted. After reviewing the
information provided by your facility, ORM will redact applicable information in
accordance with its internal redaction policy developed in conjunction with the Office
of General Counsel (OGC). If any of the requested documents or information does
not exist or is not maintained by your facility, please have an appropriate
management official provide a signed and dated statement identifying the information
and explaining why it cannot be provided.

4. As explained in the OGC letter provided to all facility directors[1], ORM will make two
requests for information deemed necessary for inclusion in the investigative file. This
letter is considered the first request for information. If an additional request is
necessary, it will be prepared by the investigator assigned to this complaint.
Requests will be documented in the investigative file along with your facility's

---

[1] The letter from OGC can be viewed at http://vaww.va.gov/orm/docs/doc_list_ogc.PDF

Notice of Acceptance — E. C. Cash, #200I-0673-2007100648

response, or lack thereof.  **Failure to submit the requested documents may result in an adverse inference/sanction by the VA Office of Employment Discrimination Complaint Adjudication (OEDCA) or the Equal Employment Opportunity Commission (EEOC).**

5.  The Equal Employment Opportunity Commission (EEOC) encourages the use of Alternative Dispute Resolution (ADR) to resolve EEO complaints at the lowest possible level.  Agencies and complainants can realize many advantages from using ADR.  ADR offers the parties the opportunity for an early, informal resolution of disputes in a mutually satisfactory fashion.  If you are interested in using mediation to address the issues raised in this complaint, please contact Daniel Cuff, EEO Intake Specialist, at (727) 319-1228, or the ADR Program Manager at (202) 501-2800.

Lionel Baker
Acting Regional EEO Officer
Southeastern Operations

Enclosure:  Acceptance Letter