UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDITH CATHERINE CASH,

       Plaintiff,

v.                                    Case No.: 8:08-cv-743-T-MAP

ERIC K. SHINSEKI, as
Secretary of Veterans Affairs,[1]

       Defendant.
_____/

**ORDER**

      Plaintiff, a registered nurse, worked at the James A. Haley Veterans Affairs Hospital ("Haley") from 2001 through 2007. She alleges she was forced to resign from Haley as a result of retaliation for her participation in and her filing of equal employment opportunity complaints based on alleged gender discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and alleged age discrimination in violation of the Age Discrimination in Employment Act ("ADEA") (doc. 5). Defendant moves to dismiss Plaintiff's amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56, arguing Plaintiff has failed to exhaust her administrative remedies and the Court therefore lacks subject matter jurisdiction (doc. 15). For the reasons set forth below, summary judgment is granted with respect to Plaintiff's constructive discharge claim pursuant to both Title VII and the ADEA and

_____

[1] Erik K. Shinseki has been confirmed as Secretary of the Department of Veterans Affairs. Accordingly, pursuant to Fed. R. Civ. P. 25(d), Eric K. Shinseki, as Secretary of the Department of Veterans Affairs, shall be substituted for James B. Peake as the appropriate defendant.

summary judgment is granted with respect to Plaintiff's suspension claim pursuant to the ADEA.[2]

A. *Standard of Review*

When considering a Rule 12(b)(6) motion to dismiss, a court views the complaint, with its attached pleadings and exhibits, in the light most favorable to the plaintiff taking its factual allegations as true and accepting all reasonable inferences therefrom.[3]  *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000); *Watts v. Florida Intern. University*, 495 F.3d 1289, 1295 (11th Cir. 2007).  Once the court considers matters outside the complaint, however, the 12(b)(6) motion converts into a motion for summary judgment.  *Garcia v. Copenhaver, Bell & Associates, M.D.'s P.A.*, 104 F.3d 1256, 1266 n. 11 (11th Cir. 1997).[4]  Motions for summary judgment should only be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the

---

[2]  The parties have consented to my jurisdiction pursuant to 28 U.S.C. § 636 (doc. 29).

[3]  Title VII's procedural requirements operate as conditions precedent rather than jurisdictional requirements.  *Fouche v. Jekyll Island-State Park Authority*, 713 F.2d 1518, 1525 (11th Cir. 1983).  Accordingly, although Defendant seeks to dismiss the complaint alleging lack of subject matter jurisdiction, the failure to meet a filing deadline requires dismissal for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) rather than for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).  *De Luca v. Chertoff*, 2007 WL 1050864 *3 (S.D. Fla. 2007).

[4]  Typically, before a district court may convert a motion to dismiss to one for summary judgment, it must notify the parties and allow the parties ten days to submit any relevant evidence and arguments in support of or opposition to the merits.  *Garcia*, 104 F.3d 1266 n. 11.  The Eleventh Circuit has recognized an exception to the ten-day notice requirement where the parties are aware the court intends to consider matters outside the record and have presented all the materials and arguments they would have if proper notice had been given.  *Id.*  Because it was unclear whether the parties had sufficient notice, the Court's April 7, 2009 order provided notice to the parties that the Court would treat the motion as one for summary judgment (doc. 32).  The Court allowed the parties to submit additional evidence and arguments in support of or opposition to the motion and allowed the parties to elaborate on an issue raised by Plaintiff in her response to the instant motion.  The parties each filed supplemental responses (docs. 33 and 34).

moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Jackson v. BellSouth Telecommunications*, 372 F.3d 1250, 1279-80 (11th Cir. 2004). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986) (emphasis in original). The substantive law applicable to the claimed causes of action will identify which facts are material. *Id.*

B. Background

Plaintiff worked at Haley from 2001 to 2007 and last held the position of Nurse Manager, Nurse III. She worked directly under the Associate Chief of Nursing for Spinal Cord Rehabilitation and Mental Health ("Associate Chief of Nursing"), who reported to the Associate Director for Patient Care Services and Nursing Supervisor ("Associate Director for Patient Care"). According to Plaintiff, during the course of her employment, one of Plaintiff's subordinates working under her supervision applied for two promotions which were given to other candidates.[5] As a result, Plaintiff states the subordinate allegedly filed a Veterans Affairs ("VA") equal employment opportunity complaint alleging that the Associate Chief of Nursing discriminated against her based on age and sex and subsequently filed an additional equal employment opportunity complaint alleging her prior equal employment opportunity complaint motivated the second negative decision denying her promotion (doc. 5).

Plaintiff asserts she participated in each of her subordinate's equal employment opportunity

---

[5] Her subordinate has filed her own lawsuit based on alleged discrimination against the Department of Veterans Affairs. *See* Iliene Page v. James B. Peake, Secretary, Department of Veterans Affairs, 8:08-cv-789-T-MAP.

complaints. Specifically, Plaintiff believed both the Associate Chief of Nursing and Associate Director for Patient Care retaliated against her because she participated in her subordinate's equal employment opportunity complaints and/or filed her own equal employment opportunity complaints. She alleges that, among other things, both of her superiors wrongfully disciplined her, sought out staff nurses and others in Haley's employment to complain about her, undermined her managerial effectiveness in the patient care unit for which she was responsible thereby compromising patient care, and made false statements about her in public, including allegedly false statements that Plaintiff was a poor manager, had acted unethically, and had not reported a critical shortage of nurses in her unit all because she participated in her subordinate's EEO action (*id.*). Due to the alleged retaliatory actions of her superiors, Plaintiff felt compelled to resign, effective February 9, 2007. *See* doc. 34, Exh. 2.

After resigning from her position at Haley, Plaintiff filed her own equal employment opportunity complaints alleging violations of Title VII of the Civil Rights Act of 1964 with the VA. Subsequently, Plaintiff filed the instant action in federal district court. In her amended complaint, Plaintiff alleges retaliation for her participation in and her filing of equal employment opportunity complaints based on alleged gender discrimination in violation of Title VII (Count I) and alleged age discrimination in violation of the ADEA (Count II) (doc. 5). Initially, Defendant moved to dismiss Plaintiff's complaint for failure to exhaust her administrative remedies by failing to timely file suit relating to a VA Final Administrative Decision ("FAD") issued on October 15, 2007 (doc. 8). In response, Plaintiff clarified that the basis for the instant lawsuit concerns two other claims of discrimination, namely Case Number 2001-0673-2007100648, with a FAD dated February 7, 2008, and Case Number 2001-0673-2007101867, with a FAD dated January 16, 2008. *See* doc. 10.

4

The 2001-0673-2007100648 claim ("suspension claim") involves "[w]hether management discriminated against the Complainant, based on reprisal, when by letter dated November 30, 2006, Complainant was notified that she would be suspended without pay for 14 calendar days, effective December 10-23, 2006, for failure to follow her supervisor's instructions and for disrespectful conduct" (doc. 15, Exh. 2, pp. 1, 3-4, 8).   The 2001-0673-2007101867 claim  ("constructive discharge claim") involves "[w]hether management discriminated against and harassed Complainant, based on reprisal, when on January 22, 2007, Complainant says that she involuntarily resigned (constructively discharged), effective February 9, 2007" (doc. 15, Exh. 1, pp. 1, 4, 15, 18).  Plaintiff filed the instant action on the basis of the constructive discharge and suspension claims pursuant to both Title VII and the ADEA.

*C. Discussion*

Defendant moves for summary judgment on Plaintiff's constructive discharge claim pursuant to both Title VII and the ADEA and Plaintiff's suspension claim pursuant to the ADEA alleging Plaintiff has failed to exhaust her administrative remedies (doc. 15).  Specifically, Defendant argues Plaintiff has failed to exhaust her administrative remedies by failing to file a timely action in district court with respect to her constructive discharge claim and by raising an alleged ADEA violation which she did not first present administratively.  According to Defendant, Plaintiff's constructive discharge claim constitutes a "mixed case" requiring the filing of a suit in district court or an appeal to the Merit Systems Protection Board ("MSPB") within 30 days of the employee's receipt of the FAD.  Even if Plaintiff timely filed her complaint, Defendant contends her ADEA claims should be dismissed because she did not first present them administratively.  In fact, Defendant claims Plaintiff did not attempt to raise a claim for age discrimination until the filing of this action.  As a result,

Defendant argues Plaintiff should only be allowed to proceed on her Title VII suspension claim.

In response, Plaintiff contends her constructive discharge claim is not a mixed case claim, the VA did not properly apprise her of her rights to bring such a claim, and she properly presented her ADEA claims administratively (doc. 23).  She argues that the VA did not treat her resignation as an event appealable to the MSPB at the time she tendered her resignation or at the time the VA received her informal or formal EEO complaints relating to her resignation, the VA did not advise her of her right to appeal to the MSPB or of the shortened time frame within which to file a lawsuit, and the VA incorrectly processed her constructive discharge complaint as a mixed case complaint. With respect to her ADEA claims, Plaintiff argues that, since her subordinate's charges and lawsuit allegedly stem from gender and age discrimination, Plaintiff's opposition and participation claims necessarily stem from those alleged discriminatory acts as well.  According to Plaintiff, the fact that the VA chose to analyze her claims solely under the reprisal provisions of Title VII should not limit the scope of the instant lawsuit.

To address the issues raised in Plaintiff's response and to provide the Court with a more complete record upon which to rule, the parties requested supplemental briefing (doc. 24).  In his supplemental brief, Defendant asserts Plaintiff in fact filed a mixed case complaint with respect to her constructive discharge claim, Plaintiff received proper notice of her MSPB rights for the constructive discharge claim, and Plaintiff has not properly raised an ADEA claim.  Plaintiff reiterates that the VA did not properly and consistently advise her of her right to appeal her

6

"constructive discharge" or "forced resignation" to the MSPB, did not advise her that the label "mixed case" substantively affected her right to bring this action, and did not advise her that the existence of the right to appeal to the MSPB would affect her choices and deadlines during the EEO complaint and court proceedings (doc. 28).

### 1. constructive discharge

Federal employees, including employees of the VA, must proceed with the remedies set forth in 29 C.F.R. Part 1614 with respect to complaints of employment discrimination based upon violations of Title VII and the ADEA.[6]  See 29 C.F.R. § 1614.103.  As a prerequisite to filing a civil complaint of discrimination, both federal statutes and regulations require federal employees to exhaust an administrative process.  Brown v. Snow, 440 F.3d 1259, 1262 (11th Cir. 2006). Typically, after exhausting the administrative remedies, an employee has 90 days from receipt of the agency's FAD to file a civil action in district court.  29 C.F.R. § 1614.407(a).  As explained more fully below, in the processing of a mixed case, however, an employee has only 30 days from receipt of the FAD to file a civil action in district court.  29 C.F.R. § 1614.310(a).

Federal regulations define a "mixed case complaint" as "a complaint of employment

---

[6] Title VII and the ADEA are applicable to federal employees, including employees of the VA.  42 U.S.C. § 2000e-16(a) ("All personnel actions affecting employees or applicants for employment ... in executive agencies as defined in section 105 of Title 5 (including employees and applicants for employment who are paid from nonappropriated funds) ... shall be made free from any discrimination based on race, color, religion, sex, or national origin.");  29 U.S.C. § 633a(a) ("All personnel actions affecting employees or applicants for employment who are at least 40 years of age ... in executive agencies as defined in section 105 of Title 5 including employees and applicants for employment who are paid from non-appropriated funds ... shall be made free from any discrimination based on age.");  5 U.S.C. § 105 ("For the purpose of this title, 'Executive agency' means an Executive department, a Government corporation, and an independent establishment.");  5 U.S.C. § 101 (identifying The Department of Veterans Affairs as an Executive department).

discrimination filed with a federal agency based on race, color, religion, sex, national origin, age or handicap related to or stemming from an action that can be appealed to the Merit Systems Protection Board (MSPB)." 29 C.F.R. § 1614.302(a)(1). The MSPB has jurisdiction over specified adverse employment actions affecting federal civil servants, including terminations, demotions, and suspensions.[7] *Chappell v. Chao*, 388 F.3d 1373, 1375 (11th Cir. 2004) (citing 5 U.S.C. § 7512). In her complaint of employment discrimination filed with the VA, Plaintiff contends she suffered forced resignation, or constructive discharge, as a result of reprisal for having opposed discrimination. Constructive adverse actions occur when an agency's conduct leaves an employee no alternative but for the employee to involuntarily impose the adverse action on herself. *See Fitz v. Pugmire Lincoln-Mercury, Inc.*, 348 F.3d 974, 977 (11th Cir. 2003) ("A constructive discharge occurs when a discriminatory employer imposes working conditions that are 'so intolerable that a reasonable person in [the employee's] position would have been compelled to resign.'" (citing *Poole v. Country Club of Columbus, Inc.*, 129 F.3d 551, 553 (11th Cir. 1997))*; Garcia v. Dep't of Homeland Security*, 437 F.3d 1322, 1324 (Fed. Cir. 2006) (*en banc*). Although 5 U.S.C. § 7512 does not explicitly identify constructive adverse employment actions as actions that can be appealed to the MSPB, both federal courts and the MSPB have noted coerced or forced resignations constitute,

---

[7] Specifically, the statute lists the "actions covered" as a removal, a suspension for more than 14 days, a reduction in grade, a reduction in pay, and a furlough of 30 days or less. 5 U.S.C. § 7512(1) - (5). The regulations further delineate the appellate jurisdiction of the MSPB by identifying specific agency actions from which federal employees may appeal to the MSPB. 5 C.F.R. § 1201.3.

in substance, removal actions by an agency falling within the appellate jurisdiction of the MSPB under 5 U.S.C. § 7512. *See McCarthy v. Vilsack*, 2009 WL 929888 *2 (7th Cir. April 7, 2009) (noting constructive discharge is a personnel action within the scope of the MSPB's review although voluntary resignation is not); *Garcia*, 437 F.3d at 1328 (noting an involuntary resignation constitutes an adverse action by an agency and that a long line of cases has established that the Board's jurisdiction includes involuntarily imposed adverse actions); *Shoaf v. Dep't of Agric.*, 260 F.3d 1336, 1340-1341 (Fed. Cir. 2001) (noting an involuntary resignation constitutes a constructive removal that is appealable to the MSPB); *Dabney v. Freeman*, 358 F.2d 533, 535 (D.C. Cir. 1965) (stating "that a separation by reason of a coerced resignation is, in substance, a discharge effected by adverse action of the employing agency"); *Vandiver v. General Accounting Office*, 3 M.S.P.B. 158, 160, 3 M.S.P.R. 38, 41 (1980) (noting a coerced resignation is essentially a removal action by an agency).

Despite alleging forced resignation as a result of reprisal for having opposed discrimination, Plaintiff argues her complaint filed with the VA does not constitute a mixed case complaint. As Defendant points out, the determination of whether Plaintiff's constructive discharge claim constitutes a mixed case entails consideration of Plaintiff's complaint filed with the agency, the agency's treatment and processing of the claim, and the surrounding circumstances. *Lang v. MSPB*, 219 F.3d 1345, 1347 (Fed. Cir. 2000). Taking all of these factors into consideration, it is clear Plaintiff's employment discrimination complaint with the VA constitutes a mixed case complaint. First, Plaintiff filed her employment discrimination complaint with the VA on the basis of "[r]eprisal for having opposed discrimination resulting in forced resignation" (*i.e.*, the appealable adverse employment action) (doc. 15, Exh. 1, p. 1). As characterized by Plaintiff, the complaint alleges

9

reprisal for having opposed discrimination related to an adverse employment action appealable to the MSPB (forced resignation). Thus, as clearly defined in 29 C.F.R. § 1614.302(a)(1), Plaintiff pled a mixed case complaint.

Additionally, throughout the course of the administrative proceedings, the VA apprised Plaintiff of the MSPB process and the classification of her complaint as a mixed case complaint. Initially, she argues that nothing in the record indicates the VA informed Plaintiff of her right to directly appeal to the MSPB at the time of her resignation. As the case law has recognized, however, a resignation is presumed voluntary. *See, e.g., Shoaf*, 260 F.3d at 1340 ("A decision to resign or retire is presumed to be voluntary."). It therefore seems axiomatic that the VA would not have advised Plaintiff of her right to appeal to the MSPB at the time she tendered her resignation. At that time, the VA would have had no reason to know that Plaintiff believed she was forced to resign, or, in effect, was constructively discharged. Indeed, Plaintiff's notice of resignation simply reads "[t]his is notification of my resignation effective Friday February 9, 2007" (doc. 34, Exh. 2). Thus, Plaintiff's argument that due to the VA's failure to inform her of her right to appeal to the MSPB at the time of her resignation her claim does not constitute a mixed case lacks merit.

After submitting her resignation, Plaintiff initiated the administrative process by consulting with an EEO counselor with the VA's Office of Resolution Management ("ORM") (doc. 15, Exh. 1, p. 4 and doc. 26, Exh. 1). *See* 29 C.F.R. § 1614.105(a) ("Aggrieved persons who believe they have been discriminated against on the basis of race, color, religion, sex, national origin, age or handicap must consult a Counselor prior to filing a complaint in order to try to informally resolve the matter."). On March 22, 2007, the VA EEO Counselor assigned to Plaintiff's case sent her a letter providing her with some basic information regarding her constructive discharge claim and

enclosing numerous documents, including the Notice of Rights and Responsibilities, Roles and Responsibilities of the EEO Counselor, and MSPB Notice (doc. 26, Exh. 1).[8]  The letter informed Plaintiff that the ORM classified her claim as "forced resignation" based on "reprisal" and instructed her to advise the EEO Counselor within five days of receipt of the letter if that information was incorrect.  Nothing in the record indicates Plaintiff found the classification of her claim incorrect.  In the Notice of Rights of Responsibilities, Plaintiff first received notice of her right to file an EEO complaint or an MSPB appeal (but not both) if she disputed a matter appealable to the MSPB.  The Notice of Rights and Responsibilities stated further that whichever avenue Plaintiff decided to pursue, either a formal EEO complaint or an MSPB appeal, her decision would be considered an election to proceed in that forum.[9]  In addition, the MSPB Notice detailed the role of the MSPB, explained the jurisdiction of the MSPB and defined the term "mixed case" for Plaintiff (doc. 26, Exh. 1, pp. 13-15).[10]

After failing to reach an informal resolution of the matter, Plaintiff filed her formal constructive discharge equal employment opportunity complaint with the VA in May, 2007 (doc. 15, Exh. 1, p. 1).  *See* 29 C.F.R. § 1614.302(b).  This was not Plaintiff's only option.  Federal employees subject to one of the adverse actions appealable to the MSPB coupled with allegations of

---

[8]  The FedEx tracking information shows this packet was delivered on March 26, 2007 (doc. 26, Exh. 1, p. 18).

[9]  The Notice of Rights and Responsibilities was signed by Plaintiff's representative on April 1, 2007 (doc. 26, Exh. 1, p. 6).

[10]  It also provided a list of personnel actions taken by agencies that are appealable to the MSPB.  Though neither forced resignation or constructive removal explicitly appears in the list, the list does not state it is exhaustive and the adverse action of "removals" appears in the list.  *See* doc. 26, Exh. 1, p. 14.

discrimination have two options. 29 C.F.R. § 1614.302(b); 5 C.F.R. § 1201.154. First, the employee has the right to file an appeal to the MSPB directly. *Chappell*, 388 F.3d at 1375; 5 U.S.C. §§ 7513, 7702; 5 C.F.R. § 1201.151; 29 C.F.R. § 1614.302(b). Although the MSPB cannot hear appeals for discrimination claims unrelated to an adverse action, it can entertain mixed case appeals where an employee alleges discrimination, in violation of Title VII or the ADEA for instance, in relation to one of the adverse employment actions. *See Chappell*, 388 F.3d at 1375; 5 U.S.C. § 7702(a)(1). In mixed cases, once the MSPB issues its final decision, the employee has several avenues for review of the decision. Namely, the employee may petition the Equal Employment Opportunity Commission ("EEOC") for reconsideration of the MSPB's decision, may file a civil action in an appropriate federal district court, or may waive the discrimination issue and file an appeal with the United States Court of Appeals for the Federal Circuit. 5 C.F.R. § 1201.157. In the alternative, an aggrieved federal employee may elect to file a mixed case complaint with her agency's EEO office. 29 C.F.R. § 1614.302(b). Should the employee elect this alternative, as Plaintiff elected to do, the employee has the option to file a mixed case appeal with the MSPB or a civil action in federal district court *within 30 days of receipt a EEO final agency decision* or after 120 days pass without an EEO final agency decision. 29 C.F.R. §§ 1614.302(d) and 1614.310.

After Plaintiff elected to proceed with her formal agency complaint, as early as June 12, 2007, the ORM sent a letter to Plaintiff's former counsel with the subject heading "Notice of Acceptance of '*Mixed Case*' EEO Complaint for E. Catherine Cash, Case No. 2001-0673-2007101867, Filed May 2, 2007, against officials of the VA Medical Center, Tampa, FL" (doc. 15, Exh. 1, p. 4) (emphasis added). The letter explained that Plaintiff's complaint of discrimination raised the following claim:

12

(A) Whether the complainant was discriminated against on the basis of reprisal (Prior EEO activity - 3 complaints) regarding a Constructive Discharge when:

1. As a result of stress brought on by a cumulative number of incidents and disciplinary actions outlined in prior EEO complaints, the complainant felt she was forced to submit her resignation, effective February 9, 2007.

It further informed Plaintiff and her former counsel that they had the opportunity to notify the office within seven calendar days of receipt of the letter, in writing, by mail or fax, to state their disagreement if they believed the accepted claim was improperly formulated, incomplete, or incorrect. Again, nothing in the record indicates Plaintiff or her former counsel notified the ORM of any disagreement with its classification of Plaintiff's claim at this stage. The letter also informed Plaintiff of her right to file an appeal with the MSPB if she did not receive a FAD within 120 days of filing her formal complaint of discrimination, provided the address for the MSPB for mailing the appeal if she chose to file one, and attached the MSPB appeal form (doc. 15, Exh. 1, pp. 5, 7-12). Following that, on December 4, 2007, the ORM sent Plaintiff's former counsel a "Notice of Advisement of Rights in *Mixed Case Complaint*" for the constructive discharge complaint (doc. 23, Exh. 1) (emphasis added). The purpose of that letter was to provide Plaintiff and her former counsel with copies of the investigative file for her mixed case EEO complaint and to advise them of further complaint processing rights.

Finally, on January 16, 2008, the VA Office of Employment Discrimination Complaint Adjudication ("OEDCA") issued its FAD concluding Plaintiff had failed to establish by a preponderance of the evidence that she was discriminated against based on reprisal with the claim

raised in the complaint (doc. 15, Exh. 1, p. 27). Further, the FAD explained Plaintiff's right of appeal of her mixed case complaint to the MSPB and, in the alternative, her right to file a civil action. It explicitly stated "[i]nstead of an Appeal to the MSPB, a civil action may be filed in an appropriate U.S. District Court within 30 calendar days of receipt of this decision" (*id.*) (emphasis in original). After informing Plaintiff of her ability to request the assistance of an attorney, the last sentence of the FAD again notified Plaintiff that a "civil action MUST BE FILED WITHIN THIRTY (30) CALENDAR DAYS of the date of receipt of this final agency decision" (doc. 15, Exh. 1, p. 28) (emphasis in original).

Accordingly, given Plaintiff's classification of her constructive discharge complaint filed with the VA, the VA's treatment and processing of the constructive discharge claim, and the surrounding circumstances, it is clear that Plaintiff's constructive discharge complaint constituted a mixed case complaint. As such, Plaintiff had the option to file a mixed case appeal with the MSPB or a civil action in federal district court within 30 days of receipt of her FAD rather than the 90 days applied to non-mixed case complaints. 29 C.F.R. §§ 1614.302(d) and 1614.310. She failed to take either course of action within the appropriate time frame.

Rather than engage in the foregoing analysis of Plaintiff's classification of her complaint, the VA's treatment and processing of her complaint and the surrounding circumstances, Plaintiff argues that the question of whether the adverse action qualifies as an action appealable to the MSPB, and thus whether her constructive discharge claim constitutes a mixed case, requires a jurisdictional inquiry. Although, as Plaintiff notes, the MSPB has declined to extend jurisdiction to appeals of alleged constructive adverse actions in some cases, the actions are nevertheless appealable to the MSPB and therefore complaints of discrimination alleging constructive adverse actions, including

14

constructive discharge, fall within the definition of a mixed case complaint as set forth in 29 C.F.R.

§ 1614.302(a)(1). The Court need not engage in a jurisdictional inquiry at this juncture in an attempt

to determine whether the MSPB would have found Plaintiff's appeal within its purview.[11]  Instead,

as explicitly stated in the FAD issued for Plaintiff's constructive discharge claim, Plaintiff could

have appealed the decision to the MSPB within 30 calendar days of receipt of that decision (doc. 15,

Exh. 1, p. 27).   Presumably, the MSPB then would have conducted its jurisdictional analysis to

determine whether the constructive adverse action constituted an action appealable to the MSPB.[12]

If the MSPB dismissed the mixed case appeal for lack of jurisdiction, Plaintiff could have then

appealed that decision to the United State Court of Appeals for the Federal Circuit.  *See Sloan v.

West*, 140 F.3d 1255, 1261-1262 (9th Cir. 1998).  Again, Plaintiff chose to proceed with a civil

action in the appropriate federal district court rather than with an appeal to the MSPB, so the Court

need not engage in a speculative analysis of whether the MSPB would have accepted jurisdiction

over her mixed case appeal.

Additionally, although Plaintiff repeatedly argues she did not receive proper or consistent

notice of the VA's treatment of her constructive discharge complaint as a mixed case complaint, the

record clearly indicates otherwise.  Indeed, the ORM notified Plaintiff on multiple occasions

---

[11]  The Federal Circuit has acknowledged that the jurisdiction of the MSPB and the merits of an alleged involuntary separation are inextricably intertwined and that the establishment of an involuntary resignation establishes jurisdiction and allows the employee to win on the merits. *Shoaf*, 260 F.3d at 1341.  That being said, the determination is one better left to the MSPB to make rather than a federal district court.

[12]  *See Vazquez v. Merit Systems Protection Bd.*, 296 Fed.Appx. 20, 23 (Fed. Cir. 2008) (*per curiam*) ("[I]f an employee can show that a resignation was involuntary because it was brought on by coercion, duress, or misrepresentation by the agency, the resignation will be deemed a constructive removal, and the Board will have jurisdiction over the appeal.")

regarding the processing of her complaint as a mixed case complaint and informed her of her rights, including the right to appeal to the MSPB or to file a civil action. To reiterate, as early as March 22, 2007, the VA EEO Counselor assigned to Plaintiff's case sent her a letter providing her with some basic information regarding her constructive discharge claim, the Notice of Rights and Responsibilities notifying her of her right to file an EEO complaint or an MSPB appeal (but not both) if she disputed a matter appealable to the MSPB, and a MSPB Notice detailing the role of the MSPB (doc. 26, Exh. 1). Again in June 2007, Plaintiff received notice that the ORM processed her complaint as a "mixed case" complaint and received a copy of the MSPB Appeal Form (doc. 15, Exh. 1, pp. 7-12). As set forth in the notice letter, the ORM provided Plaintiff an opportunity to correct that classification, which she chose not to do (doc. 15, Exh. 1, p. 4). In fact, at no point in the administrative proceedings did Plaintiff seek clarification or seek to amend or correct the VA's classification of her complaint as a mixed case complaint. Eventually, the OEDCA issued its FAD. The OEDCA transmitted the FAD on January 17, 2008, yet Plaintiff filed her initial complaint three months later on April 16, 2008.[13] The regulations clearly dictate, and the FAD explicitly states on two occasions, that Plaintiff had 30 calendar days from receipt of the FAD within which to file a civil action (doc. 15, Exh. 1). *See* 29 C.F.R. §§ 1614.302(d), 1614.310(a). Accordingly, Plaintiff had adequate and repeated notice of the processing of her claim as a mixed case and of the abbreviated time limits applicable to mixed case complaints.

Finally, Plaintiff's argument that her constructive discharge claim cannot constitute a mixed

---

[13] Although no return receipt appears in the record, Plaintiff received an e-mail from an EEO Specialist at the ORM on February 29, 2008, providing the date the constructive discharge FAD was signed. Therefore, even if the Court construed the date of that e-mail as the date of receipt, Plaintiff should have filed her complaint in district court by March 31, 2008 at the very latest for her constructive discharge claim to be considered timely.

case because, in issuing its FAD, the OEDCA found that Plaintiff did not show she was constructively discharged and because Defendant argues in this litigation that Plaintiff was not constructively discharged similarly lacks merit.  As both the FAD and the regulations explain, after the OEDCA issued its FAD, Plaintiff had the option to appeal that decision to the MSPB.  *See* doc. 15, Exh. 2, p. 27; 29 C.F.R. § 1614.302(d); 5 C.F.R. § 1201.154.  Essentially, Plaintiff argues the fact that the OEDCA found that she was not constructively discharged coupled with Defendant's consistent position that she was not constructively discharged leads to the conclusion that the MSPB necessarily would have made the same finding as the OEDCA with respect to Plaintiff's resignation. If the Court accepted this argument, it would render the subsequent appeal to the MSPB outlined in 29 C.F.R. § 1614.302(d) meaningless.  The Court declines to reach that conclusion.

Thus, looking at Plaintiff's complaint of employment discrimination filed with the VA, the VA's treatment and processing of Plaintiff's claim, and the surrounding circumstances, Plaintiff's VA complaint of employment discrimination related to her constructive discharge constituted a mixed case complaint.  The record indicates that Plaintiff failed to file her mixed case complaint in federal district court within the prescribed 30-day time period rendering her civil complaint untimely. As the Supreme Court has repeatedly noted, the best guarantee of evenhanded administration of the law requires strict adherence to the procedural requirements specified by the legislature.  *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152 (1984) (citing *Mohasco Corp. v. Silver*, 447 U.S. 807, 826, 100 S.Ct. 2486, 2497, 65 L.Ed.2d 532 (1980)).  Therefore, since no genuine issue of material fact exists as to the timeliness of the filing of Plaintiff's civil complaint, Plaintiff's failure to adhere to the procedural requirements of filing her civil complaint within 30 days of the issuance of the FAD is grounds for dismissal.  *See Jones v. Wynne*, 266 Fed.Appx. 903, 906 (11th Cir. 2008)

(affirming the district court's grant of summary judgment for the defendant where the plaintiff filed her civil complaint outside of the 90-day filing period in a non-mixed case action); *see Silva v. Porter*, 2006 WL 1890194 *11 (M.D. Fla. 2006) (finding Plaintiff's failure to file a Title VII claim within 90 days constituted grounds for dismissal of a non-mixed case complaint on summary judgment). Thus, Defendant's motion for summary judgment is granted with respect to the 2001-0673-2007101867 claim, Plaintiff's constructive discharge claim, pursuant to both Title VII and the ADEA for failure to timely file her civil complaint in district court.

### 2. ADEA

In her amended complaint, Plaintiff alleges age discrimination in violation of the ADEA (doc. 5).[14] Defendant moves for summary judgment on Plaintiff's suspension claim under the ADEA arguing Plaintiff failed to exhaust her administrative remedies with respect to her ADEA claim by not presenting a claim of discrimination based on age during the administrative process preceding the filing of her complaint in federal district court. In response, Plaintiff asserts she presented her ADEA claim administratively because her subordinate filed employment discrimination complaints based on age in which she participated.

The ADEA protects federal employees who are at least 40 years of age from discrimination based on age. 29 U.S.C. § 633a(a). The regulations provide that federal employees shall not be subject to retaliation for opposing any practice made unlawful by the ADEA or for participating in any stage of administrative or judicial proceedings under the ADEA. 29 C.F.R. § 1614.101(b). Accordingly, under the federal-sector provision of the ADEA, a federal employee may assert a claim

---

[14] The Court grants summary judgment with respect to Plaintiff's constructive discharge claim pursuant to the ADEA, so only Plaintiff's suspension claim brought pursuant to the ADEA will be discussed in this section.

for retaliation based on the filing of an age discrimination complaint. *Gomez-Perez v. Potter*, 128 S.Ct. 1931 (2008)[15]; *see* 29 C.F.R. § 1614.103(a).

Plaintiff contends that she has presented her ADEA claim administratively because she participated in her subordinate's age discrimination proceedings. Rather than providing any evidentiary support for her assertions in the form of affidavits or otherwise showing she opposed practices prohibited by or participated in proceedings under the ADEA, Plaintiff requests the Court consider her arguments in the context of her subordinate's amended complaint filed in separate action in this federal district court which sets forth allegations of age discrimination (doc. 33). The consideration of her subordinate's age discrimination complaint does little to bolster her argument. As Fed. R. Civ. P. 56(e)(2) plainly states, a party opposing summary judgment "may not rely merely on allegations or denials in its own pleading; rather its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial." Outside of the bare allegations in Plaintiff's amended complaint referencing her subordinate's complaint filed in a separate action, nothing appears in the record regarding Plaintiff's participation in or filing of age discrimination claims.[16]

---

[15] Based on the Supreme Court's discussion of *Sullivan v. Little Hunting Park, Inc.*, 396 U.S. 229 (1969) and *Jackson v. Birmingham Bd. of Ed.*, 544 U.S. 167 (2005), it appears that in reaching the conclusion that 29 U.S.C. § 633a encompasses claims of retaliation the Supreme Court included retaliation for advocacy on behalf of another individual or group of individuals asserting rights to be a prohibited form of discrimination. *See Gomez-Perez*, 128 S.Ct. at 1936-1937.

[16] Plaintiff attached a list of prior EEO activity with her constructive discharge complaint filed with the VA (doc. 15, Exh. 1, p. 2). She lists her prior activity as three prior complaints, including the suspension complaint, for reprisal for opposing discrimination. She did not attach a similar list to her suspension complaint. Either way, the list does not mention age, but only states she opposed discrimination.

In fact, the FAD regarding Plaintiff's suspension claim mentions Plaintiff participated in prior EEO activity, but never makes mention of alleged age discrimination. In summarizing the facts in the FAD, the OEDCA notes that Plaintiff stated she supported a nurse subordinate's EEO activity in mid-2005 and thereafter management commenced multiple disciplinary actions against her (doc. 15, Exh. 2, p. 9). That statement effectively says the same thing as Plaintiff's complaint, i.e. that Plaintiff says she participated in her subordinate's EEO activity. Later in the FAD, the OEDCA states "[i]t is undisputed that Complainant engaged in recent EEO activity against management, that management was aware of this EEO activity and that management issued Complainant a 14-day suspension without pay, effective December 10-23, 2006" (doc. 15, Exh. 2, p. 13). Neither of these references in the FAD cites to age discrimination or discusses EEO activity based on age discrimination.

Moreover, Plaintiff did not seek to assert her own claim of age discrimination in conjunction with the suspension claim. Had Plaintiff sought to file a claim of age discrimination pursuant to the ADEA she had two avenues for pursuing that claim. Federal employees may either invoke the EEOC's administrative process and then commence a civil action in district court if dissatisfied with the administrative remedies or may forego the administrative process and proceed directly to federal district court after providing the EEOC not less than thirty days' notice of an intent to file such action, with such notice provided within one hundred and eighty days after the alleged unlawful practice occurred. 29 U.S.C. § 633a; *see Stevens v. Dep't of Treasury*, 500 U.S. 1, 5-6 (1991).

Here, Plaintiff initially sought remedies through the administrative process by filing a complaint of discrimination with the VA for a suspension based on reprisal (doc. 15, Exh. 2). Nothing in the record indicates Plaintiff alleged discrimination based on age at any point in the

administrative process.  Indeed, Plaintiff listed only reprisal as the basis for her suspension complaint filed with the VA (doc. 15, Exh. 2).  Though the directions on the VA's complaint of employment discrimination explicitly require the complainant to list the *bases* for each employment related matter for which she believes she was discriminated, meaning *one or more* of the list including race, color, religion, sex, sexual orientation, national origin, age, disability, and reprisal for prior EEO activity or having opposed discrimination, Plaintiff's suspension complaint does not identify age as a basis for her claim (*id.*).  If Plaintiff had believed age served as a basis for the alleged discrimination, the form directed her to provide a date of birth.  Plaintiff did not list a date of birth in the appropriate section on the complaint and did not identify age as a basis for the employment related matter that she believed was discriminatory (*id.*).  Instead, she simply limited the basis of her suspension complaint to reprisal.  In accepting her complaint, the ORM classified her claim as one of discrimination on the basis of reprisal (prior EEO activity) regarding her suspension (doc. 15, Exh. 2, p. 3).  Neither the complaint nor the notice of acceptance of the complaint identifies age discrimination or reprisal for prior complaints based on age discrimination as the basis for her claim.

As Plaintiff did not file a complaint concerning age discrimination with the EEOC, she could not commence a civil action on an alleged ADEA claim until she gave the EEOC not less than thirty days' notice of an intent to file such action, with such notice provided within one hundred and eighty days after the alleged unlawful practice occurred.  29 U.S.C. § 633a(d).  Nothing in the record indicates Plaintiff provided the EEOC with such notice.  Since the record does not indicate that Plaintiff raised age discrimination in her administrative suspension complaint or that she filed the requisite notice with the EEOC of her intent to pursue an age discrimination claim in federal district court, Plaintiff's age discrimination should be dismissed.  *See Woullard v. Johnson*, 2006 WL

212823 *5-*6 (N.D. Fla. 2006) (order adopting magistrate judge's report and recommendation to grant summary judgment with respect to federal employee's age discrimination claim for failure to claim age discrimination in his formal complaint, because age discrimination had not been the subject of the EEOC proceedings, and for failure to comply with the notice requirements set forth in 29 U.S.C. § 633a(d)).

Alternatively, Plaintiff argues she should not be prevented from presenting her ADEA claims based on the election of a VA employee to limit her claims to Title VII without any input from her during the administrative process. During the course of the administrative proceedings, however, Plaintiff never sought to participate in the framing of her claim even though she now states she had no input in the decision. Indeed, the Notice of Acceptance of her suspension complaint informs Plaintiff and her former counsel that

> "If you and your client believe that the accepted claim is improperly formulated, incomplete, or incorrect, you have the opportunity to notify the office within **7 calendar days** of receipt of this letter, in writing, by mail or fax, to state your disagreement .... If you or your client do not contact this office within **7 calendar days**, it will be assumed that the claim is correctly stated."

(doc. 23, Exh. 2) (emphasis in original). Although provided an opportunity to do so, Plaintiff did not seek to amend her complaint to identify age as a basis for her complaint of discrimination. Rather, she now alleges the VA unilaterally limited her claim specifically to Title VII without any input from her. Had Plaintiff believed her complaint was improperly formulated, incomplete or incorrect, she should have stated her disagreement within the time allotted or should have sought to amend her complaint prior to the conclusion of the investigation. *See* 29 C.F.R. § 1614.106(d) ("A complainant may amend a complaint at any time prior to the conclusion of the investigation to include issues or claims like or related to those raised in the complaint. After requesting a hearing,

22

a complainant may file a motion with the administrative judge to amend a complaint to include issues or claims like or related to those raised in the complaint."). Instead, she proceeded on a complaint raising a claim that she "was discriminated against on the basis of reprisal (Prior EEO activity) regarding a Suspension ..." (doc. 23, Exh. 2) without reference to age.

Based on this record, no genuine issue of material fact exists as to Plaintiff's failure to present an age discrimination claim administratively before the EEOC or to provide the requisite notice under 29 U.S.C. § 633a with respect to her suspension claim pursuant to the ADEA. Accordingly, summary judgment is granted with respect to Plaintiff's suspension claim pursuant to the ADEA.

D. Conclusion

For the reasons stated above, it is hereby

ORDERED:

1. As to Count I, Defendant's motion for summary judgment (doc. 15) is granted with respect to Plaintiff's constructive discharge claim under Title VII (the 2001-0673-2007101867 claim).[17]

2. As to Count II, Defendant's motion for summary judgment (doc. 15) is granted.

DONE AND ORDERED at Tampa, Florida on June 12, 2009.

*Mark A. Pizzo*

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

cc: Counsel of Record

---

[17] As the Defendant did not move for summary judgment on Plaintiff's Title VII suspension claim (the 2001-0673-2007100648 claim), that claim remains viable.

23