UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**EDITH CATHERINE CASH**

**Plaintiff,**                                        **CASE NO.: 8:08-cv-00743-T-27MAP**

**v.**

**JAMES B. PEAKE as SECRETARY,**
**DEPARTMENT OF VETERANS AFFAIRS**

      **Defendant.**

_____/

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ILIENE PAGE**

      **Plaintiff,**                                  **CASE NO.:  8:08-cv-00789-17MAP**

**v.**

**JAMES B. PEAKE as SECRETARY,**
**DEPARTMENT OF VETERANS AFFAIRS**

      **Defendant.**

_____/

## PLAINTIFFS' COUNSEL'S NOTICE TO COURT OF CONFLICT

Plaintiffs and Defendant scheduled depositions commencing on November 3, 2009

and to complete them consistent with the Court's Case Management and Scheduling Order.

In the course of preparing for tomorrow's depositions, Plaintiffs' counsel reviewed

Defendant's documents which were submitted in response to earlier requests to produce.

Counsel discovered in the government's documents a memorandum which creates a conflict

for him in terms of further representation of either Edith Catherine Cash or Iliene Page.

Specifically, the document, about a material fact in the case, places the two clients in adverse positions to each other. Accordingly, counsel must withdraw from both cases under the Rules Regulating the Florida Bar.

Plaintiffs' counsel will confer with each client and identify for each of them the nature of his ethical conflict. Thereafter, he will provide them the fourteen (14) day notice which is required under Local Rule 2.03(d). Upon the running of the 14 day period, counsel will move to withdraw on the basis of this ethical conflict.

Counsel for Plaintiffs and counsel for Defendant have conferred by telephone today regarding the filing of this Notice and about the granting to Plaintiffs of additional time in which to secure other counsel and within which to commence and complete discovery efforts, including the depositions previously set and now cancelled.

Counsel for Plaintiffs and counsel for Defendant have agreed that in the Court's order relieving Plaintiffs' counsel from further responsibility in these cases should confer on the then-unrepresented parties a period of sixty (60) days to secure other counsel.

## CERTIFICATE OF GOOD FAITH

Pursuant to Local Rule 3.01(g), Plaintiffs' counsel discussed the relief sought herein with Defendant's counsel and Defendant's counsel indicated that he has no objection to the relief requested herein.

Respectfully submitted,

/s/ Steven G. Wenzel
**STEVEN G. WENZEL, ESQUIRE**
Florida Bar Number: 159055
Wenzel Fenton Cabassa, P.A.
1110 North Florida Avenue, Suite 300
Tampa, FL 33602

2

Tel: 813-224-0431
Fax: 813-229-8712
Attorneys for Plaintiff
swenzel@wfclaw.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 2nd, 2009 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to: Javier M. Guzman, Assistant United States Attorney, 400 North Tampa Street, Suite 3200, Tampa, FL 33602.

/s/ Steven G. Wenzel
**STEVEN G. WENZEL, ESQUIRE**